**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RENATO D. KNOX, | DOCKET NUMBER |
|       Appellant, | SF-0353-14-0575-I-1 |
|     v. | |
| UNITED STATES POSTAL SERVICE, | DATE: May 11, 2015 |
|       Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

James L. Wright, Sacramento, California, for the appellant.

Deborah C. Winslow, San Francisco, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his denial of restoration appeal as untimely filed and denied his request to reopen a prior appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Upon our review of the initial decision and the procedural history of both this appeal and a prior appeal initiated by the appellant, however, we find that adjudicatory efficiency is the appropriate basis for dismissing the instant appeal. Accordingly, we VACATE the administrative judge's dismissal of the initial appeal as untimely filed without good cause shown, and DISMISS the instant appeal on the basis of adjudicatory efficiency. Additionally, we VACATE the administrative judge's denial of the appellant's request to reopen his prior appeal under 5 C.F.R. § 1201.118, and we FORWARD the appellant's request to reopen his prior appeal to the Clerk of the Board for docketing as an untimely petition for review of the initial decision in MSPB Docket No. SF-0353-10-0054-I-1.

¶2      The appellant filed the instant initial appeal on May 19, 2014, referencing an alleged denial of restoration beginning in September 2009. Initial Appeal File (IAF), Tab 1. In response to the administrative judge's jurisdictional order, *see* IAF, Tab 2, the appellant explained that he had filed a prior restoration appeal, which was denied prior to the issuance of the Board's decision in *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400 (2012), and that under *Latham*, his prior appeal

should be reopened because of a dispositive change in the law.[2]  *See* IAF, Tab 6 at 2, 6.  The agency subsequently filed a motion to dismiss raising both jurisdictional and timeliness arguments as to the appellant's May 2014 filing, *see* IAF, Tabs 7, 13, and the appellant filed a response again arguing that his prior appeal should be reopened because of a change in the law governing restoration appeals, *see* IAF, Tab 29.

¶3    The administrative judge issued an initial decision dismissing the appellant's appeal as untimely filed without good cause shown and denying the appellant's request to reopen his prior appeal.  IAF, Tab 31, Initial Decision (ID). The administrative judge found that the appellant's appeal was filed over 2 years after the Board issued its decision in *Latham* without good cause shown and that, despite the appellant's claim that he also had discovered new evidence pertaining to his restoration claims, the appellant failed to demonstrate good cause for his untimely appeal.  ID at 2-3.  The administrative judge similarly denied the appellant's request to reopen his prior appeal based on the length of time between the issuance of *Latham* and his request to reopen.  ID at 3.

¶4    The appellant has filed a petition for review arguing that he has presented valid grounds for granting his request to reopen his prior appeal.  Petition for Review (PFR) File, Tab 1.  On review, the appellant asserts that the merits of his prior appeal would be decided differently under *Latham* and that he has presented new evidence not previously available justifying the reopening of his prior appeal.  *See id.* at 2-7.  The agency has filed a response in opposition to the petition for review.  PFR File, Tab 3.

¶5    Upon our review of the procedural history of this appeal, along with the appellant's prior appeal in MSPB Docket No. SF-0353-10-0054-I-1, we believe that the instant appeal raises sufficiently similar issues to the appellant's prior

---

[2] The administrative judge's initial decision in the prior appeal became the Board's final decision when neither party filed a petition for review.  *See* MSPB Docket No. SF-0353-10-0054-I-1, Tab 11, Initial Decision (0054 ID); *see also* 5 C.F.R. § 1201.113.

appeal such that the instant appeal should be dismissed under the doctrine of adjudicatory efficiency. *See Bean v. U.S. Postal Service*, 120 M.S.P.R. 447, ¶ 5 (2013). Under the doctrine of adjudicatory efficiency, it is generally appropriate to dismiss a subsequent appeal which raises claims raised in an earlier appeal when an identity of issues exists in the appeals and the controlling issues in the subsequent appeal will be determined in a prior appeal. *Id.* (citing *Kinler v. General Services Administration*, 44 M.S.P.R. 262, 263 (1990)). The Board has traditionally applied the doctrine of adjudicatory efficiency in cases where an appellant files a second appeal after an initial decision in a prior appeal has been issued, but before the full Board has acted on a petition for review of that decision. *See id.*

¶6        Based upon the chronology of the appellant's filings, and the issues he has raised therein, we find that he commenced the instant appeal in May 2014 in an effort to reopen his prior appeal which had become final when the time to file a petition for review of that decision expired. As explained below, we find that the appellant's request to reopen his prior appeal should have been forwarded to the full Board for consideration in the first instance as an untimely petition for review of the prior initial decision. *See Trachtenberg v. Department of Defense*, 104 M.S.P.R. 640, ¶ 7 (2007). Because we find that the appellant's May 2014 filing should have been treated as a request to reopen his prior appeal and forwarded to the full Board for consideration, we VACATE the initial decision dismissing the appeal as an untimely filed initial appeal, and we DISMISS the appellant's May 2014 initial appeal under the doctrine of adjudicatory efficiency. *See Bean*, 120 M.S.P.R. 447, ¶ 6. Additionally, because an administrative judge cannot adjudicate a party's request to reopen a final Board order under 5 C.F.R. § 1201.118, we VACATE the administrative judge's denial of the appellant's request to reopen his prior appeal. *See Lincoln v. U.S. Postal Service*, 113 M.S.P.R. 486, ¶ 10 n.2 (2010) (an administrative judge does not

have the authority to reopen an appeal in which a final decision has been issued under 5 C.F.R. § 1201.118).

¶7    The Board has previously found that a request to reopen an initial decision that became final when neither party petitioned for review should be treated as an untimely filed petition for review of that decision. *See Trachtenberg*, 106 M.S.P.R. 640, ¶ 7. Here, the administrative judge issued an initial decision denying the appellant's restoration appeal in March 2010, which became final when neither party filed a petition for review. *See* 0054 ID. Because the appellant has expressly requested to reopen his prior appeal under 5 C.F.R. § 1201.118, *see* IAF, Tabs 6, 29, and because the administrative judge could not rule upon his request, we find it appropriate to FORWARD the appellant's request to reopen his prior appeal to the Clerk of the Board to be docketed as an untimely petition for review of the initial decision in MSPB Docket No. SF-0353-10-0054-I-1. Upon docketing, the Clerk of the Board shall provide the appellant an opportunity to demonstrate good cause for his untimely petition for review under 5 C.F.R. § 1201.114(g), and the Clerk shall provide the agency an opportunity to respond.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

This constitutes the Board's final decision in MSPB Docket No. SF-0353-14-0575-I-1. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec.

27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:        _____

                                                William D. Spencer
                                                Clerk of the Board

Washington, D.C.